11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Vincent Wayne Lewis

Appellant

Vs.                   No. 11-02-00224-CR -- Appeal
from Dallas County

State of Texas

Appellee

 

The jury
convicted Vincent Wayne Lewis of the offense of delivery of  4 grams or more but less than 200 grams of
cocaine in a drug-free zone.  Appellant
pleaded true to the enhancement allegation regarding a previous felony
conviction, and the jury assessed his punishment at confinement for 30 years
and a $10,000 fine.  We affirm.  

In his
sole issue for review, appellant contends that the trial court committed error
in charging the jury regarding the minimum range of punishment because the
State=s notice with respect to the drug-free-zone
enhancement referred to an incorrect statutory provision.  We will not address this issue insofar as it
relates to a complaint about the notice that appellant received from the
State.  Appellant did not object on that
basis at the trial court level and, therefore, did not preserve that issue for
review.  Posey v. State, 966
S.W.2d 57 (Tex.Cr.App.1998).  However,
appellant did make the following objection to the jury charge on
punishment:  

[W]e would
object to the Court=s
inclusion of the minimum of 20 years up to 99 years or life.  We don=t think that is the statute applicable in this situation and the
evidence does not support it. 

The record
shows that, at the conclusion of the guilt/innocence phase of trial, the jury
had not only been asked to deliberate as to appellant=s guilt, but also was given a special issue
regarding the commission of the offense in a drug-free zone.  The jury answered the special issue
affirmatively, indicating that the offense was committed in a drug-free
zone.  Evidence from the guilt/innocence
phase of trial showed that the offense was committed near James Fannin
Elementary School.  








We hold
that the trial court did not err in charging the jury that the available range
of punishment was confinement for life or for a term of not less than 20 years
nor more than 99 years.  The offense
committed by appellant was a felony of the first degree.  TEX. HEALTH & SAFETY CODE ANN. ' 481.112(d) (Vernon 2003).  A first-degree felony is punishable by
confinement for life or for a term of not less than 5 years nor more than 99
years.  TEX. PENAL CODE ANN. ' 12.32 (Vernon 2003).  Because appellant had a prior felony
conviction, the minimum term of confinement for his offense increased to 15
years.  TEX. PENAL CODE ANN. ' 12.42(c)(1) (Vernon 2003).  Additionally, pursuant to TEX. HEALTH &
SAFETY CODE ANN. '
481.134(c) (Vernon 2003), the minimum term of confinement for the offense
committed by appellant Ais increased by five years...if it is shown on the trial of the offense
that the offense was committed...in, on, or within 1,000 feet of premises of a
school.@ 
Therefore, the minimum punishment available to appellant was 20 years,
and the trial court=s
charge to the jury reflected the appropriate range of confinement.  Appellant=s issue is overruled.  

The
judgment of the trial court is affirmed. 


 

TERRY
McCALL

JUSTICE


 

September 11, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.